·FERGUSON v. WHITE.

Circuit Court of Appeals, Eighth Circuit.
April 4, 1927.

No. 7446.

Mines and minerals ☞101—Under contract between oil lessees for profit division, dependent on amount of lessor's recovery, interest allowed on lessor's recovery held properly considered.

*Where oil lessees, unable to agree to division of seven-eighths of profits during pendency of suit between them, in which lessor had intervened, claiming whole fund, made a contract in which they recognized lessor's right to at least one-eighth, and agreed to division of balance between them, with provision that payments to be made by one to the other should be reduced proportionately, if lessor recovered more than one-eighth, and where lessor's recovery greatly exceeded one-eighth, and included allowance of over $7,000 interest, such interest was properly used in deducting payments due under contract between lessees.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by J. B. White against A. L. Ferguson. Judgment for plaintiff, and defendant brings error. Reversed, with directions.

Joseph M. Hill and Henry L. Fitzhugh, both of Ft. Smith, Ark., for plaintiff in error.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, all of Muskogee, Okl., for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SYMES, District Judge.

STONE, Circuit Judge. Ferguson (plaintiff in error) and White (defendant in error) were interested in an oil and gas lease obtained from Wicey Coker. The record title of the lease was in Ferguson. Net proceeds amounting to $50,393.39, were realized. Ferguson and White agreed that Coker was entitled to one-eighth thereof but they could not agree as to the proper division between themselves of the remaining seven-eighths. This difference resulted in an action brought by White against Ferguson which involved such division. That action was brought in the Eastern district of Oklahoma and is identified as equity No. 2828. In that action Coker intervened making claim to the entire fund. Before judgment therein, Ferguson (White consenting) paid into court $6,500, which he conceded was due Coker—this amount was reduced to $6,435 by a deduc-

tion of $65 paid as costs for handling and distributing same to Coker, which was done June 8, 1924.

During the progress of the above litigation, Ferguson and White adjusted their differences through a written agreement as follows:

"It is hereby agreed and stipulated by and between the plaintiff, J. B. White, and the defendant, A. L. Ferguson, that the said Ferguson shall pay to the said White, in full settlement of the claim of the said White, in the above entitled and numbered action, the sum of $3,250 in cash, and the costs advanced by said White in this action, not to exceed sixty ($60) dollars, and the further sum of $11,750, in the event that the judgment of the United States District Court of the Eastern District of Oklahoma does not require the said defendant to pay to Wicey Coker or her guardian, upon her intervening petition, more than one-eighth (⅛) of the amount received by him from the settlement of the claim of Wicey Coker, to the allotment of Emma Coker, deceased. And if the judgment of the said United States District Court shall require the said Ferguson to pay to the said Wicey Coker or her guardian, a larger amount than one-eighth (⅛) of the amount so received by him, then the said Ferguson shall not be required to pay all of the additional $11,750, but said sum shall be reduced in the same proportion that the seven-eighths (⅞) of the amount received by him shall be reduced by the judgment of said court, and if the said Wicey Coker shall recover all of the amount received by the said Ferguson except the actual cash expenses incurred by him in connection with the case of United States v. Hettie Lena, then he shall not be required to pay any sum in addition to the $3,250 and costs, this day paid to the said J. B. White, but it is agreed that the said White shall retain the said $3,250 and costs, in any event.

"And it is further agreed and stipulated that the said J. B. White shall dismiss the above entitled action as against the said Ferguson and others, at any time when the said Ferguson shall request him to do so."

Ferguson paid White the $3,250 provided by the contract. The above action continued between Ferguson and the intervener, Coker, and resulted in a judgment favoring Coker for considerably more than the one-eighth, which Ferguson and White conceded to be due her and, also, for interest upon the amount found due Coker. No appeal

was taken by any party from that decree and it became final.

Thereafter, Ferguson and White could not agree upon the amount remaining due White under the above contract. To recover such amount, White brought the present action on that contract. He claimed $7,187.50 with interest (at 6 per cent.) from the date of decree in the former action, equity No. 2828. Ferguson answered that the amount due White was $2,615.59 with interest from the date of the above decree. A jury was waived. The trial court found that "as between White and Ferguson interest is properly included in the amount recovered by Wicey Coker" and entered judgment for White for $6,306.50 with interest at 6 per cent. "from the date of filing this suit." Ferguson filed a motion to modify the above judgment so that it would be for $4,606 instead of $6,306.50. This motion was denied and Ferguson sues this writ of error.

There are no facts in dispute. The issues below and here are the meaning of the contract and its application to the facts to ascertain the amount due thereunder.

The contract recognized the existence of the equity action. Part of the amount ($3,250) due, under the contract, was to be and was paid to White without dependence upon the outcome of that action. The balance ($11,750) was entirely dependent thereon. That balance was based on the premise that Coker would recover only the one-eighth of the fund, which both conceded due her, and that Ferguson would be decreed the seven-eighths thereof. If she should recover more, the above balance was to be affected in the same proportion as such recovery affected the seven-eighths; for example, if Coker should recover 10 per centum of the seven-eighths interest, thus reducing the amount going to Ferguson from the seven-eighths by 10 per centum, then the above balance should be correspondingly decreased.

This being the meaning of the contract, it remains to fit that meaning to the facts in order to ascertain the amount due thereunder. The decree gave Coker more than the one-eighth. It is, therefore, necessary to find out how much of the seven-eighths was accorded her; then to determine the "proportion that the seven-eighths (⅞) of the amount received by him [Ferguson] shall be reduced by the judgment [decree]" and, finally, to apply that proportion to the contract balance of $11,750. Before entering such computations, one element thereof is to be noted. The decree allowed interest. Appellant contended, the court found and ap-

pellee has sued no writ of error to challenge such finding, that such interest is properly usable, as contemplated by the contract, in reduction of the seven-eighths interest. Therefore, in such computations, that interest will be so used up to the day of decree, as that date is the determinative one in the contract.

The decree was for a recovery by Coker of "the sum of twenty-five thousand one hundred ninety-six and 69/100 dollars ($25,196.69), with interest thereon at the rate of 6 per cent. per annum from April 16, 1920, until fully paid, allowing credit thereon for the sum of $6,435 heretofore paid to her on June 8, 1924." To ascertain the amount of this recovery above the conceded one-eighth, it is necessary to determine the above interest, allow for the payment ($6,435) mentioned in the decree and then subtract one-eighth of the entire fund in dispute. In computing this interest, two periods and two principal amounts are to be kept in mind because of the part payment ($6,435) made before the decree was entered. The first of these is interest on $25,196.69 from April 16, 1920, to June 8, 1924. The second is interest on $18,761.69 ($25,196.69 less payment of $6,435) from June 9, 1924, to July 13, 1925 (date of decree). The interest on $25,196.69 from April 16, 1920, to June 8, 1924 (4 years and 54 days) at 6 per cent., is $6,273.97. The interest on $18,761.69 from June 9, 1924, to July 13, 1925 (one year and thirty-five days), is $1,235.14. The total interest, under the decree and to date, thereof, is $7,509.11. The principal and interest recoverable under the decree is $32,705.80.

If from the last above sum there be subtracted $6,299.17 (one-eighth of the entire fund involved), there remains $26,506.63, which is the amount by which the seven-eighths interest was reduced.

Seven-eighths of the entire fund is $44,094.22. $26,506.63 is 60.1 per cent. of $44,094.22. Therefore, the seven-eighths was reduced 60.1 per cent. by the decree for Coker. Under the contract, the balance ($11,750) due White, was to be similarly affected or White would be entitled to 39.9 per cent. of such balance, which is $4,688.25. The interest allowed by the trial court was from the date (October 14, 1925), when this action was filed. That interest period is not questioned here. Hence, the judgment is reversed with instructions to enter judgment for $4,688.25 with annual interest until paid at 6 per centum from October 14, 1925.